# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

AARON C. and KAREN PEYTON, f/k/a
KAREN CANDELARIA,

       Plaintiffs,

v.

       No. CIV 01-1294 MV/LAM

NEW MEXICO HUMAN SERVICES
DEPARTMENT, et al.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss I: Failure to State a Claim due to Eleventh Amendment Immunity and Memorandum in support thereof **[Doc. Nos. 52 & 53]**, filed August 23, 2002, and Defendants' Motion to Dismiss Plaintiffs' Complaint **[Doc. No. 98]**, filed July 2, 2003. The Court, having considered the motions, briefs, relevant law and being otherwise fully informed, finds that the motions will be **GRANTED in part** and **DENIED in part**.

### BACKGROUND

Karen Peyton is the legal guardian and biological parent of Aaron C., a minor. Shortly after losing her job in July 1995 and the health insurance coverage it provided, Ms. Peyton went to the New Mexico Human Services Department's Income Support Division (ISD) to gather information about obtaining medical and dental benefits through the state's Medicaid program. She was provided a Medicaid application form along with accompanying disclosure information. After reading the materials and discussing the forms with ISD employees, Ms. Peyton did not

complete the application because, by signing the application, she automatically would assign her rights and her children's rights to parental support to the Human Services Department (HSD). Between 1995 and 2001, Ms. Peyton attempted to find some way to apply for Medicaid benefits without having to agree to this automatic assignment but was unsuccessful. She states that employees of the state agencies led her to believe that federal law required such an assignment before she could apply for the benefits.

In August 2001, after one of her children was in need of dental care, Ms. Peyton again looked into the matter and concluded that, at the very least, she had a right to apply for the benefits under law since she understood federal law to require only the assignment of medical support rights, not child support rights. As such, Ms. Peyton believed that Defendants, by failing to create an application process that did not require the assignment of rights to parental support to HSD, violated the Social Security Act, as well as her and her children's rights to equal protection and due process. Ms. Peyton states that, on August 20, 2001, pursuant to the New Mexico Tort Claims Act, she "gave proper and legal notice to the NM Risk Management" that she intended to file a lawsuit against the state. On October 21, 2001, Ms. Peyton was informed that the Risk Management Division had found no violation of the state or federal constitution because there exists no constitutional right to receive public assistance.

On November 15, 2001, Ms. Peyton brought suit on behalf of herself and her minor children against HSD[1] and against the following people in their individual and official capacities: Robin Dozier Otten, Secretary Designate of HSD; J. Barry Bitzer, Deputy-Secretary of HSD and

---

[1]The following are also named as Defendants, but because each is a subdivision of HSD, the Court will refer to HSD only: the Child Support Enforcement Division, Medical Assistance Division and Income Support Division.

Director of the Child Support Enforcement Division; Robert Maruca, Director of the Medical Assistance Division; and Marise McFadden, Director of the Income Support Division. Plaintiffs' Complaint alleges violations of their constitutional rights to equal protection and due process and of federal statutes governing the implementation and administration of Medicaid programs. Primarily, Plaintiffs have requested compensatory damages, the value of the lost Medicaid benefits, equitable relief, and injunctive and declaratory relief.

On August 23, 2002, Defendants filed a motion to dismiss on grounds of Defendants' Eleventh Amendment immunity **[Doc. Nos. 52 & 53]**. Plaintiffs filed a response **[Doc. Nos. 56 & 57]** on September 9, 2002, and Defendants filed a reply **[Doc. No. 62]** on September 19, 2002. Plaintiffs filed an additional motion to dismiss the complaint **[Doc. No. 98]** on July 2, 2003, reasserting the immunity defense and arguing additionally that Plaintiffs' claims were barred by the statute of limitations, that Defendants possessed qualified immunity and that Plaintiffs had otherwise failed to state a claim on which relief could be granted. Plaintiffs filed a response **[Doc. No. 107]** on September 30, 2003, and Defendants thereafter filed a reply **[Doc. No. 108]**. The Court will address all grounds for dismissal presented by Defendants herein.

## DISCUSSION

### I. Eleventh Amendment Immunity

The Supreme Court has read the Eleventh Amendment as prohibiting suits in federal court against a state, its agencies or departments unless the state consents to suit or Congress has abrogated immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Suits naming state officials as defendants are prohibited when "the state is the real, substantial party in interest," *id.* at 101 (quoting *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464

(1945)), as is the case where the "relief sought nominally against an officer is in fact against the sovereign," *id.* (quoting *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963) (per curiam)).

**A. Claims against State Agencies**

Plaintiffs have brought claims against HSD and its subdivisions pursuant to 42 U.S.C. §§ 1983, 1985 and 1986. However, because claims brought against states under these statutes are barred by the Eleventh Amendment, *Seibert v. State of Okl., ex rel. Univ. of Okl. Health Sciences Ctr.*, 867 F.2d 591 594 (10th Cir. 1989), *abrogated on other grounds by Fed. Lands Legal Consortium ex rel. Robart Estate v. United States*, 195 F.3d 1190, 1195 (10th Cir. 1999), and because the state of New Mexico has not otherwise consented to suit under these provisions, these Defendants must be dismissed from the instant action.

**B. Claims against State Officials**

Plaintiffs also bring claims against state officers in both their official and individual capacities. While individual capacity suits against such defendants are not proscribed by the Eleventh Amendment, certain official capacity suits are barred under the rule announced in *Ex Parte Young*, 209 U.S. 123 (1908). Specifically, plaintiffs may not avoid state sovereign immunity by naming individual state officers as defendants where "the state is the real, substantial party in interest." *Ford Motor Co.*, 323 U.S. at 464, *overruled on other grounds by Lapides v. Bd. of Regents of Univ. System of Ga.*, 535 U.S. 613, 623 (2002). "Whether the state is the real party in interest turns on the relief sought by the plaintiffs. Suits that seek prospective relief are deemed to be suits against the official, while suits that seek retroactive relief are deemed to be suits against the state." *ANR Pipeline Co. v. Lafaver* 150 F.3d 1178, 1187 (10th Cir. 1998) (quoting *Powder River Basin Res. Council v. Babbitt*, 54 F.3d 1477, 1483 (10th Cir. 1995)); *see*

*also Elephant Butte Irrigation Dist. of N.M. v. Dep't of the Interior*, 160 F.3d 602 (10th Cir. 1998). Thus, "[r]elief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred even when the state official is the named defendant." *Papasan v. Allain*, 478 U.S. 265, 278 (1986). While relief "expressly denominated as damages" and relief that is "tantamount to an award of damages for a past violation of federal law, even though styled as something else" are both proscribed, "relief that serves directly to bring an end to a present violation of federal law is not barred by the Eleventh Amendment even though accompanied by a substantial ancillary effect on the state treasury." *Id.*[2]

As Plaintiffs do not specify whether they are suing the named Defendants in their individual or official capacities, the Court will read the Complaint as bringing charges in both forms.

### 1. Counts I through V

In Counts I through V, Plaintiffs request compensatory damages, equitable relief, the value of the Medicaid benefits Plaintiffs did not receive, all remedies available under 28 U.S.C. § 1343 (civil rights jurisdiction) and 42 U.S.C. § 1988, and any other relief the Court deems appropriate.

---

[2]The *Ex Parte Young* doctrine is not without limits. Among other things, federal courts may not entertain suits seeking to bring state officials into compliance with *state* laws, *e.g., Pennhurst*, 465 U.S. at 106, or to obtain relief for past wrongs, since only ongoing violations of federal law are covered, *e.g., Papasan*, 478 U.S. at 277-78.

### a. Monetary Damages

To the extent Plaintiffs seek monetary damages from the individually-named Defendants through an official capacity suit in Counts I through V, those counts must be dismissed. However, to the extent Plaintiffs are suing the individually-named Defendants in their personal capacity, the claims are not barred by the Eleventh Amendment. In *Hafer v. Melo*, 502 U.S. 21 (1991), the Supreme Court clarified that state officers may be held personally liable for damages under 42 U.S.C. § 1983 and that the Eleventh Amendment posed no bar to such suits.

Assuming Plaintiffs' claims survive an Eleventh Amendment challenge, Defendants contend that Plaintiffs' suit must fail for reasons of qualified immunity. The Court agrees that the claims brought against the individual officers in their personal capacity must be dismissed on such grounds.

Once a defendant has raised a qualified immunity defense, the burden shifts to the plaintiff to show that "(1) the official violated a constitutional or statutory right; and (2) the constitutional or statutory right was clearly established when the alleged violation occurred." *Verdecia v. Adams*, 327 F.3d 1171, 1174 (10th Cir. 2003). "If the plaintiff does not satisfy either portion of the two-pronged test, the Court must grant the defendant qualified immunity." *Id.*

In the instant suit, Plaintiffs claim that Ms. Peyton and her children had a right to apply for Medicaid benefits under state law, federal statute and the Constitution, and that these rights were violated by New Mexico's use of a mandatory and automatic assignment of child support in its Medicaid applications. The Court need not reach the issue of whether any such right in fact exists since Plaintiff herself admits that she never completed or submitted any application for the benefits. The fact that she and her children never received any benefits is traceable not to any

action or inaction by Defendants, but to her own refusal and failure to complete or submit any application. As such, the Court finds no violation of any purported statutory or constitutional right in this case and must dismiss Counts I through V as brought against the individually-named Defendants in their personal capacity on grounds of qualified immunity.

> **b.** **"Equitable" relief**

As previously stated, "when a suit seeks money damages against an official of a state agency, suing that official in his or her official capacity, then the 'real party in interest' is the state, and the suit is barred by the Eleventh Amendment." *ANR Pipeline Co.*, 150 F.3d at 1187 (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). As for the request for equitable relief, Plaintiffs' prayer for relief states that, in addition to the other remedies requested, they seek

> [o]ther appropriate equitable relief, including but not limited to: reimbursement for all medical and/or dental costs and expenses, including any health insurance premiums, Plaintiffs have paid since July, 1995 for any periods of time when Plaintiffs would have been deemed to be eligible to recieve [sic] health and/or dental benefits available under the Social Security Act, plus, such additional costs incurred by Plaintiffs during the twelve month period eligibility extension offered to children.

Pls' Compl. at 12.[3] Although Plaintiffs' request is phrased as one for "equitable relief," the ensuing description is clearly a prayer for monetary damages and, as such, must be denied.

In *Edelman*, the district court had ordered state officers to remit to plaintiffs federal benefits that it found the state had withheld wrongfully. The Supreme Court held that the *Ex parte Young* doctrine precluded such retroactive monetary awards even though the lower courts had described the award as "equitable restitution," explaining as follows:

---

[3]Plaintiffs' requests for "equitable relief" in Counts II through V are functionally identical to the passage quoted here, which is the language used with respect to Count I. Plaintiffs nowhere have sought relief other than what is described here when asking for "equitable relief."

> While the Court of Appeals described this retroactive award of monetary relief as a form of 'equitable restitution,' it is in practical effect indistinguishable in many aspects from an award of damages against the State. It will to a virtual certainty be paid from state funds, and not from the pockets of the individual state officials who were the defendants in the action. It is measured in terms of a monetary loss resulting from a past breach of a legal duty on the part of the defendant state officials.

*Edelman*, 415 U.S. at 668.

This analysis applies with equal force to Plaintiffs' request for "equitable relief" in the instant action. Although Plaintiffs state that they "seek to impose personal liability on the individual defendants for the damages incured [sic] by the Plaintiffs as a result of these Defendants' violation of federal law" and therefore have set forth permissible grounds for suit, such a statement alone does not change the essential nature of the suit. Plaintiffs' request for "equitable relief" is indistinguishable from that which the *Edelman* Court found to be barred by *Ex parte Young*. Accordingly, the prayer for equitable relief in Counts I through V as against the named Defendants also must be denied.

### 2. Count VI

The only remaining count against the individual Defendants in their official capacities is Count VI, wherein Plaintiffs seek declaratory and injunctive relief. In part, Plaintiffs seek a declaratory judgment that 8.200.430.13 NMAC is unconstitutional and violates the Social Security Act and related regulations. Plaintiffs also have requested an injunction preventing Defendants from conditioning Medicaid applications on the assignment of parental support rights and from failing to provide other means for applying for benefits.

Defendants argue that these claims are moot because the Medicaid application was revised in September 2002 to meet federal standards and requires the assignment of only medical support

and not child support in its entirety. Defendants additionally point out that Plaintiffs completed the revised application form and have been receiving benefits since. Despite Plaintiffs' contention to the contrary, Defendants state that the relevant New Mexico administrative code does not require the assignment of all child support; when the provision cited by Plaintiffs is read in context, it is clear that the assignment only extends to that amount of child support that is specifically designated as medical support.

Having reviewed the relevant code provisions, the interpretation offered by Defendants is not immediately apparent. Section 8.200.430.13(B) of the New Mexico Administrative Code states:

> B. Assignment of Parental Support Rights: Assignment of parental support rights occurs automatically when an application for Medicaid is signed on behalf of a minor with absent parent(s) or deceased parent(s). See Section MAD-425, ELIGIBILITY ASSIGNMENT AND COOPERATION REQUIREMENTS.

N.M. ADMIN. CODE tit. 8, § 8.200.430.12(B). Defendants stress the cross-reference to Section MAD-425, or Section 8.200.420.12 of the Administrative Code, which provides as follows:

> 8.200.420.12 THIRD PARTY LIABILITY: The New Mexico medicaid program (medicaid) is the *payor of last resort. If resources are available from a third party, these health care resources must be used first*. To ensure that these resource alternatives are used, an applicant/recipient assigns his/her right to medical support and payments to the human services department (HSD) and cooperates with the medical assistance division (MAD) in identifying, obtaining, and collecting medical support and medical care payments as a condition of eligibility. This section describes third party liability, HSD's responsibilities in identifying and collecting medical support and payments, and a recipient's responsibility to cooperate with HSD in obtaining medical support and medical payments.

N.M. ADMIN. CODE tit. 8, § 8.200.420.12(B). Defendants explain that the italicized language makes clear that a Medicaid applicant is only required to assign his or her rights to any medical

-9-

support payments to which he or she is entitled, including any portion of child support payments dedicated to medical expenses.

To ensure that potential Medicaid applicants are not misled by the assignment requirement, Defendants will be required to submit a copy of the revised application to the Court for approval. The application must contain language making explicit the clarification Defendants have presented to the Court: that is, with regard to the assignment of child support, an applicant is only required to assign to the state that portion, if any, of child support that is designated as medical support.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Plaintiffs' Complaint **[Doc. No. 98]**, filed July 2, 2003 is **GRANTED in part** and **DENIED in** part. Counts I through V of Plaintiffs' Complaint, as brought against all Defendants, are hereby dismissed. However, Defendants' motion to dismiss Count VI will be denied and Defendants are hereby ordered to submit to the Court a revised Medicaid application form, as described in this Opinion, for judicial approval no later than 45 days from the filing of this Opinion.

**IT IS THEREFORE FURTHER ORDERED** that, in light of the Court's ruling on the previous motion, Defendants' Motion to Dismiss I: Failure to State a Claim due to Eleventh Amendment Immunity and Memorandum in support thereof **[Doc. Nos. 52 & 53]**, filed August 23, 2002, is hereby **DENIED as moot**.

Dated this 5th day of May, 2004.

_____
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

<u>Attorneys for Plaintiff</u>:
Karen Peyton, pro se
Thomas M. Brown

<u>Attorney for Defendants</u>:
Sean Olivas
Timothy L. White