IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AARON C. and KAREN PEYTON, f/k/a
KAREN CANDELARIA,

    Plaintiffs,

vs.                                                                 Civ. No. 01-1294 MV/ LAM

NEW MEXICO HUMAN SERVICES
DEPARTMENT, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Plaintiff's Motion for Reconsideration, filed May 19, 2004 **[Doc. No. 112]**.[1] The Court, having considered the Motion, relevant law, and being otherwise fully informed, finds that the Motion to Reconsider is not well taken and will be **DENIED**.

### BACKGROUND

Plaintiff Karen Peyton commenced this action by filing a *pro se* complaint on behalf of herself and her minor children against the New Mexico Human Services Department (HSD) and the following people in their individual and official capacities: Robin Dozier Otten, Secretary Designate of HSD; J. Barry Bitzer, Deputy-Secretary of HSD and Director of the Child Support Enforcement Division; Robert Maruca, Director of the Medical Assistance Division; and Marise McFadden, Director of the Income Support Division. Plaintiffs' Complaint alleged violations of

---

[1] While the attorney for Plaintiff Karen Peyton's children did not oppose this motion, he also did not join the motion.

their constitutional rights to equal protection and due process relating to the federal statutes governing the implementation and administration of Medicaid programs. Plaintiffs requested compensatory damages, the value of lost Medicaid benefits, equitable relief, and injunctive and declaratory relief.

On May 5, 2004, the Court entered an order dismissing Counts I through V of Plaintiffs' Complaint on the grounds of Eleventh Amendment immunity and qualified immunity **[Doc. No. 111]**. The Court denied Defendants' motion to dismiss Count VI and ordered Defendants to submit a revised Medicaid application form to the Court for judicial approval. On June 23, 2004, Defendants submitted a revised Medicaid form as per the Court's order. Defendants also submitted an affidavit of Sharon Regensberg on June 28, 2004 to authenticate the documents **[Doc. No. 119]**.

Concurrent to filing the motion for reconsideration, Plaintiff Karen Peyton also filed a notice of appeal to the Tenth Circuit Court of Appeals **[Doc. No. 115]**. On June 16, 2004, the Court of Appeals ordered Plaintiff to serve and file a certified copy of the District Court's order granting certification under Fed. R. Civ. P. 54(b) **[Doc. No. 116]**. Subsequently, on June 25, 2004, Plaintiff Karen Peyton filed a motion with this Court to provide an order certifying her case for appeal under Rule 54(b) **[Doc. No. 118]**.

## STANDARD OF REVIEW

Plaintiff's Motion to Reconsider was filed within ten days of the entry of judgment on Counts I through V in this case. Accordingly, her motion for reconsideration is brought under Fed. R. Civ. P. 59(e), rather than Fed R. Civ. P. 60(b). *See Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995). A motion for reconsideration under Rule 59(e) is an opportunity for the Court

to correct manifest errors of law or fact, to review newly discovered evidence or to review a prior decision when there has been a change in the law.  *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985); *see also* 18 Wright & Miller, Federal Practice and Procedure § 4478, at 790 (2d ed. 1981 & Supp. 2003).  "A Rule 59(e) motion to alter or amend the judgment should be granted only 'to correct manifest errors of law or to present newly discovered evidence.'"  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (quoting *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992)).  Absent extraordinary circumstances, "revisiting the issues already addressed 'is not the purpose of a motion to reconsider.'"  *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

## ANALYSIS

As an initial matter, the Court must consider its jurisdiction to entertain Plaintiff's motion.  The filing of a notice of appeal generally divests the district court of jurisdiction over the action.  *See Lancaster v. Independent Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (citing *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)).  However, when a party files a motion for reconsideration and subsequently files a notice of appeal before the district court has ruled on the pending motion for reconsideration, the notice of appeal becomes effective when an order disposing of the motion for reconsideration is entered.  *See* Fed. R. App. P. 4(a)(4)(B)(i).  Therefore, this Court has jurisdiction to entertain the motion to reconsider.

In its order dismissing Plaintiffs' Complaint, this Court determined that Counts I through V were barred by the doctrine of sovereign immunity.  This Court explained that "[t]he Supreme Court has read the Eleventh Amendment as prohibiting suits in federal court against a state, its agencies or departments unless the state consents to suit or Congress has abrogated immunity."

Thus, the Court held that because the state of New Mexico had not consented to suit under 42 U.S.C. §§ 1983, 1985, 1986, and Congress had not abrogated immunity, Plaintiffs' claims under these provisions were barred as against the New Mexico Human Services Department.

With regard to Plaintiffs' claims against the state officials in their official capacities, the Court determined that the *Ex Parte Young* doctrine barred them because Plaintiffs sought "monetary damages from the individually-named Defendants through an official capacity suit." Finally, the Court determined that Plaintiffs' claims against the individually-named Defendants in their individual capacities were barred by qualified immunity. Specifically, the Court found "no violation of any purported statutory or constitutional right" because "[t]he fact that [Plaintiff] and her children never received any benefits is traceable not to any action or inaction by Defendants, but to her own refusal and failure to complete or submit any application."[2]

In the motion for reconsideration now pending before the Court, Plaintiff Karen Peyton fails to set forth any reasons why the Court's legal analysis on Eleventh Amendment sovereign immunity and qualified immunity -- the bases of the dismissal -- was manifestly in error. Plaintiff states several times that the Court "deviated from the standard Rule 12 (b)(6) review when it allowed Defendants to negate and refute Plaintiffs allegations and then accepted Defendants' counter-allegations as true for purposes of resolving the issues in Plaintiffs' Complaint." Motion for Reconsideration at 3. It is clear, however, that this Court construed Plaintiffs' allegations

---

[2] In her Complaint, Plaintiff states that she "could not submit an application" and that Defendants denied her the right to receive medical benefits. Complaint at ¶¶ 42-48. Because Plaintiff never applied for benefits, Defendants could not, as a practical matter, deny them to her. Furthermore, the fact that the assignment of rights may have interfered with her ability to apply for benefits does not and cannot equate with an absolute denial of benefits. Defendants cannot be held liable for a denial of benefits when benefits, in fact, never were denied.

liberally and in their favor, but ultimately determined that the legal doctrines of sovereign and qualified immunity precluded Plaintiffs' recovery in spite of the facts asserted and alleged.

Plaintiff also argues that the Court "deviated from the applicable standard of review for a Social Security claim when it failed to consider the social security statutes, supporting regulations and case law Plaintiff alleges to be relevant in determining if there is any rights-creating language that could be read as conferring a private right on Plaintiffs." Motion to Reconsider at 3. The Social Security Act, however, affords no private right of action. *See Maine v. Thiboutot*, 448 U.S. 1, 6 (1980). Finally, Plaintiff argues that the Court applied the wrong legal standard for reviewing Plaintiffs' claims when it stated that it "will address all grounds for dismissal presented by defendants herein." Because Defendants raised the motion to dismiss, it was only appropriate for the Court to consider Defendants' arguments and frame the Order in reference to those arguments. Thus, the Court did not employ an erroneous legal standard.

Just as Plaintiff has not shown that the Court abused its discretion by basing "its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence," *FDIC v. United Pacific Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir.1998) (quotation omitted), Plaintiff also has not shown that reconsideration is necessary to review newly discovered evidence or that a recent change in the law renders the Court's ruling incorrect. Accordingly, the Court finds that Plaintiff has failed to demonstrate that reconsideration is warranted.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration **[Doc. No. 112]** is hereby **DENIED.**

_____
MARTHA VAZQUEZ
U. S. DISTRICT JUDGE

<u>Attorney for Plaintiff</u>
Karen Peyton, *pro se*

<u>Attorney for Defendants</u>
Sean Olivas